IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY PERCIVAL,

        Plaintiff,                    No. CIV S-03-0229 LKK EFB P

    vs.

MIKE KNOWLES, et al.,

        Defendant s.         ORDER

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On September 5, 2006, plaintiff sought leave of court to amend or supplement his complaint, stating that at the time he filed his complaint he neglected to allege that the Rules Violation Report filed against him by defendant Reyes was done so in retaliation for plaintiff's filing of an inmate grievance. The court must liberally construe a complaint in the light most favorable to a pro se plaintiff. It has already done so here. The September 27, 2007, findings and recommendations construe plaintiff's claim against defendant Reyes as stating a claim for retaliation, and recommend denial of summary judgment as to that defendant. Another pleading restating the same claims is redundant. Accordingly, plaintiff's request is denied.

      Further, a motion to amend must be accompanied by a proposed amended complaint, complete in and of itself without any reference to the previous pleading sought to be amended.

1

*See* Local Rule 15-220.  Plaintiff has not submitted a proposed amended complaint.  His request is therefore denied on those bases as well.

Plaintiff is further advised that supplements to pleadings are only appropriate where, as is not the case here, a plaintiff seeks to allege harms resulting from transactions or occurrences or events that have happened since the filing of the pleading sought to be supplemented.  *See* Fed. R. Civ. P. Rule 15(d).  Plaintiff's request to supplement his complaint is therefore denied.

Finally, the court notes that findings and recommendations filed on September 27, 2007, which recommended granting defendants' motion to dismiss defendants Arong and Smith, allowed plaintiff 20 days in which to file objections.  Plaintiff failed to timely file objections.  However, on October 29, plaintiff filed a change of address and it appears that he either did not receive this court's findings and recommendations or did not have adequate time to submit any objections thereto.

Accordingly, it is ORDERED that:

1. Plaintiff's September 5, 2006, request to amend or supplement his complaint is denied;

2. The Clerk of the Court shall reserve the September 27, 2007, findings and recommendations on plaintiff at his new address of record, together with a copy of this order; and

3. Plaintiff is granted a period of 20 days from the date this order is served in which to file objections to the court's September 27, 2007, findings and recommendations.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE